IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIMITRIOS GRAMMENOS              :

                                  :      Civil Action No. 07-2725

       vs.                 :

                                  :

ALLSTATE INSURANCE COMPANY   :      Jury Trial Demanded

                                  :

       vs.                 :

                                  :

ACLAIM ADJUSTMENT AGENCY, INC.   :

## <u>ORDER</u>

AND NOW this         day of          , 2009, upon consideration of Defendant

Allstate Insurance Company's Motion in Limine and the response of Plaintiff Dimitrios

Grammenos and Additional Defendant Aclaim Adjustment Agency, Inc., if any, it is hereby

ORDERED and DECREED that Defendant Allstate's Motion is GRANTED and evidence of

Plaintiff's conviction is admissible as impeachment evidence at the trial in this matter.

BY THE COURT:

_____
Honorable Thomas J. Rueter

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMITRIOS GRAMMENOS | : | |
| | : | Civil Action No. 07-2725 |
| vs. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | Jury Trial Demanded |
| | : | |
| vs. | : | |
| | : | |
| ACLAIM ADJUSTMENT AGENCY, INC. | : | |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
MOTION IN LIMINE REGARDING ADMISSION OF THE CRIMINAL CONVICTION
OF PLAINTIFF DIMITRIOS GRAMMENOS FOR IMPEACHMENT**

Defendant Allstate Insurance Company ("Defendant Allstate"), by and through its undersigned counsel, respectfully submits its Motion in Limine and in supports thereof states as follows:

1.     A significant part of this lawsuit involves Plaintiff Dimitrios Grammenos' ("Plaintiff") statements and actions relating to the alleged damage that occurred to the property he owned at 2004 Bergen Street, Philadelphia, Pennsylvania ("the Property").

2.     On February 5, 1999, Plaintiff pled guilty to the crime of insurance fraud pursuant to 18 Pa. C.S.A. §4117.[1]

3.     On February 5, 1999, Plaintiff was adjudicated guilty and sentenced to three years reporting probation.[2]

4.     Defendant Allstate seeks admission of evidence of the conviction for impeachment of the Plaintiff in the above-captioned civil trial.

---

[1] A plea of guilty is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. United States v. Petros, 747 F. Supp. 368, 374 ( E.D. Mich. 1990)
[2] One cannot be placed on probation if the court does not deem him to be guilty of a crime. United States v. Petros, 747 F. Supp. 368, 375 ( E.D. Mich. 1990).

## LEGAL ARGUMENT

**A.    Evidence of Plaintiff Dimitrios Grammenos' criminal conviction is admissible for impeachment as the probative value substantially outweighs its prejudicial impact**

5.    Federal Rule of Evidence Rule 609(a)(2) provides that for the purpose of attacking the character for truthfulness of a witness, evidence that any witness has been convicted of a crime **shall be admitted** regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.  (emphasis added).

6.    Crimes involving an act of dishonesty or false statement are often more probative of the witness' lack of credibility than even more serious crimes.  United States v. Cathey, 591 F.2d 268, 276 (5th Cir. Fla. 1979).  Convictions of crimes involving an act of dishonesty or false statement are automatically admissible under the F.R.E. 609(a).  United States v. Kiendra, 663 F.2d 349 (1st Cir. 1981).  The crime of insurance fraud is by definition a crime involving an act of dishonesty or false statement and is automatically admissible under the Rule.  Pa.C.S.A. §4117.

7.    However, F.R.E. 609(b) sets forth a time limit for the admission of such evidence. F.R.E. 609(b) provides in pertinent part:

> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect . . .

> F.R.E. 609(b).

8.    F.R.E. 609(b) does not preclude admission of convictions older than ten years, it merely restricts their admissibility.  United States v. Brown, 956 F.2d 782 (8th Cir. Mo. 1992).

Such evidence is admissible if its probative value supported by the facts and circumstances substantially outweighs its prejudicial effect. F.R.E. 609(b). Probative value under 609(b) is to be "supported by specific facts and circumstances" and on the basis of such facts the probative value of the conviction  must "substantially outweigh" its prejudicial impact. United States v. Cavender, 578 F.2d 528, 532 (4th Cir. W. Va. 1978).

9.      For purposes of the admissibility of prior convictions under F.R.E. 609(b), courts have taken the following factors into account in balancing probative value against prejudicial effect:

> (1) the kind of crime involved;
> (2) when the conviction occurred;
> (3) the importance of the witness' testimony to the case;
> (4) the centrality of the witness' credibility;
> (5) the impeachment value of the prior crime, and;
> (6) the similarity of the past crime to the case sub judice.

Pettijohn v. Wusinich, 705 F. Supp. 259 (E.D. Pa. 1989).

10.      These factors may be in conflict with each other and must be weighed against each other. United States v. D'Agata, 646 F. Supp. 390, 393 (E.D. Pa. 1986).

11.      Convictions of crimes of dishonesty or false statement are automatically admissible under F.R.E. 609(a). United States v. Kiendra, 663 F.2d 349 (1st Cir. 1981). These crimes are often more probative of the witness' lack of credibility than even more serious crimes. United States v. Cathey, 591 F.2d 268, 276 (5th Cir. Fla. 1979).

12.      In the instant case, Plaintiff's past conviction is of a crime involving dishonesty or false statement and would automatically be admissible under F.R.E. 609(a) had it not occurred in excess of ten years from the date of trial. The probative value of  Plaintiff's conviction of the crime in relation to the Plaintiff's lack of credibility is high.

13. As a prior conviction becomes more remote in time its probative value decreases. United States v. Shapiro, 565 F.2d 479, 481 (7th Cir. 1977). When determining whether to admit a conviction older than ten years, the trial court should consider the degree of remoteness in time of the conviction. Whiteside v. State, 853 N.E.2d 1021 (Ind. Ct. App. 2006). Consequently, if a prior conviction falls outside the ten year limit by an insignificant amount of time, the degree of remoteness will not weigh heavily against admitting evidence of the conviction. Id.

14. Here, Plaintiff's conviction occurred in February 1999. The trial for this matter is scheduled for May 2009. The trial date is only approximately ten years and three months from the date of the conviction. The prior conviction falls outside the ten year limit by three months, an insignificant amount of time. The limited degree of the remoteness of this conviction from the trial date lends itself to the admission of this evidence.

15. The centrality of the credibility issue and the impeachment value of the prior convictions are highly relevant factors to a trial court's ultimate determination as to whether the probative value of an old conviction substantially outweighs its prejudicial effect in a current trial. United States v. Payton, 159 F.3d 49 (2d Cir. Conn. 1998). Admission of convictions over ten years may be admitted where the conviction bears heavily on the credibility of the witness. Zinman v. Black & Decker, Inc., 983 F.2d 431, 434 (2nd Cir. 1993).

16. Plaintiff's conviction of the crime involving dishonesty or false statement, bears directly on his credibility. Plaintiff's testimony and statement will be central to the issues of this case. The weight of the credibility and impeachment value of the prior conviction lends itself to the admissibility of this evidence.

17. After balancing the factors, evidence of Plaintiff's conviction is admissible for the purpose of impeachment of in the civil trial. The probative value, supported by the specific facts

508388.2/38904

and circumstances, substantially outweighs any prejudicial impact of the admission of the conviction. The fact that the Plaintiff was convicted of a crime involving dishonesty or false statement is admissible to impeach his credibility.

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that its Motion in Limine be granted and evidence of Plaintiff's conviction is admissible as impeachment evidence at the trial in this matter.

CURTIN & HEEFNER LLP


BY:      BSS/3421
   Bonnie S. Stein, Esquire
   Attorney for Defendant
   Attorney I.D. No. 54895
   Curtin & Heefner, LLP
   250 N. Pennsylvania Avenue
   Box 217
   Morrisville, PA  19067
   (215) 736-2521

Dated: April 20, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIMITRIOS GRAMMENOS     :
               :  Civil Action No. 07-2725
    vs.         :
               :
ALLSTATE INSURANCE COMPANY  :  Jury Trial Demanded
               :
    vs.         :
               :
ACLAIM ADJUSTMENT AGENCY, INC.  :

## CERTIFICATION OF SERVICE

Bonnie S. Stein, Esquire, hereby certifies that on April 20, 2009 a true and correct copy of Defendant Allstate Insurance Company's Motion in Limine Regarding Admission of the Criminal Conviction of Plaintiff Dimitrios Grammenos for Impeachment, was filed electronically with the Court. Notice of this filing will be sent today to all parties via the Court's electronic filing system.

CURTIN & HEEFNER, LLP

Date: April 20, 2009     By:   BSS/3421
               Bonnie S. Stein, Esquire
               Attorneys for Defendant

510183.2/38904