IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMITRIOS GRAMMENOS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE CO., et al. | : | NO. 07-2725 |

**MEMORANDUM ORDER**

AND NOW, this 21st day of April, 2009, upon review of Third-Party Defendant, Aclaim Adjustment Agency, Inc.'s ("Aclaim") Motion for Summary Judgment (Doc. No. 44), and Defendant/Third-Party Plaintiff, Allstate Insurance Company's ("Allstate") Response (Doc. No. 52), and the Reply Brief filed by Aclaim (Doc. No. 58), it is hereby

**ORDERED**

that the motion be and the same is **DENIED**. Viewing the evidence in the light most favorable to Allstate, as is required, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), there is sufficient evidence for the jury to find that Aclaim, as an agent for plaintiff, Dimitrios Grammenos, attempted to defraud Allstate in concert with plaintiff, in violation of 18 Pa. Cons. Stat. § 4117 (West Supp. 2008-09). The statement of John Fickensher, a water damage restoration expert, shows that on June 9, 2006, an agent of Aclaim, Paul Definis, met with plaintiff and Mr. Fickensher at 2004 Bergen Street in Philadelphia, PA, and Mr. Definis took photographs of the alleged water damage to plaintiff's home. The photographs showed some water damage. However, contrary to the statement of Mr. Fickensher, Aclaim claimed to Allstate that the water damage occurred a day later, on June 10, 2006 and the water damage claimed was substantially greater than that represented in the photographs taken on June 9, 2006.

It is well established that an agent such as Aclaim, who fraudulently makes misrepresentations, or knowingly participates with its principal in a transaction which is fraudulent, may be liable to an injured third-party for fraud.  See <u>Roberts v. Estate of Barbargallo</u>, 531 A.2d 1125, 1130 (Pa. Super. Ct. 1987) ("An agent may be liable to an injured third-party for his own deceit in a transaction on behalf of his principal."); 18 Pa. Cons. Stat. § 4117(3) (making it an offense to assist, abet or conspire to make an insurance claim "that contains any false, incomplete or misleading information concerning any fact or theory material to the claim, including information which documents or supports an amount claimed in excess of the actual loss sustained by the claimant").

Here, there is sufficient evidence for the jury to find that Aclaim assisted the plaintiff in submitting a fraudulent insurance claim to Allstate.  The plaintiff claimed that he successfully fixed a small leak in a pipe in his bathroom, but later the pipe burst causing large amounts of water to flood his house, causing substantial damage.  Allstate has presented evidence showing that the insured made three statements in his claim to Allstate which a jury could find to be false.  First, the insured, through Aclaim, claimed the accident occurred on June 10, 2006, even though according to Mr. Fickensher, he and Mr. Definis visited the house to assess the damage the day before.  Second, Allstate's plumber reported that the pipe in question was not recently repaired in the manner described by the plaintiff.  Third, the insured, through Aclaim, submitted invoices for repairs to the water damage, which far exceeded the limited water damage depicted in the photographs taken by Mr. Definis on June 9, 2006.  From this evidence, the jury could infer that Aclaim knowingly submitted false and inflated damage estimates to the insurance company, and participated in a conspiracy to defraud the insurance company.  From

Aclaim's contradictory statements as to when the discharge of the water occurred, and the extent of the damage, the jury could infer that Aclaim had knowledge of the fraudulent nature of the claim submitted by plaintiff.  See Amato v. Pennsylvania Office of Att'y Gen'l, 183 Fed. Appx. 260, 263 (3rd Cir. 2006) (non-precedential) (probable cause existed to arrest defendant for insurance fraud because of his inconsistent statements as to details of an automobile accident and the conflicting evidence regarding his injuries); Commonwealth v. Tillet, 2007 WL 5160531, at *5 (Pa. Com. Pl. Nov. 29, 2007) (defendant's contradictory statements regarding events surrounding theft of automobile were sufficient to support conviction for insurance fraud).

In support of its request for summary judgment, Aclaim argues that Allstate has not shown that it knowingly made misrepresentations to Allstate.  Under Pennsylvania law, however, a person's mental state, including his or her intent to defraud or deceive, may be proven solely by circumstantial evidence.  Commonwealth v. Feldman, 365 A.2d 1289, 1296 (Pa. Super. Ct. 1976); Commonwealth v. Wisneski, 257 A.2d 624, 626 (Pa. Super. Ct. 1969).  The circumstantial evidence described above, if believed by a jury, is sufficient to demonstrate an intent to deceive on the part of Aclaim.

Furthermore, the court finds the alleged misstatements made by Aclaim as to the date of the loss and the extent of the damages are material for purposes of the insurance fraud statute.  "In the context of an insured's post-loss investigation, the materiality requirement is satisfied if the false statement contains a subject relevant and germane to the insurer's investigation as it was then proceeding."  Saracco v. Vigilant Ins. Co., 2000 WL 202274, at *5 (E.D. Pa.  Feb. 22, 2000) (citations omitted).  Aclaim's statements as to the date of the discharge of the water and the extent of the water damage, are clearly material to the insurer's

investigation.  See, e.g., Higgs v. New York Fire Ins. Co., 106 A.2d 860, 861 (Pa. 1954) ("[A] mere variance between the loss claimed and that proved does not establish fraud, but an insurance company may use it as evidence to prove intent to cheat and defraud.").

Since there are disputed issues of fact regarding Aclaim's representations to Allstate, the court must deny the Third-Party Defendant's Motion For Summary Judgment.

BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge