IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIMITRIOS GRAMMENOS              :              CIVIL ACTION

            v.                   :

ALLSTATE INSURANCE CO., et al.   :              NO.  07-2725

**M E M O R A N D U M   O R D E R**

AND NOW, this 30th day of April, 2009, upon consideration of defendant Allstate

Insurance Company's ("Allstate") Motion in Limine Regarding Admission of the Criminal

Conviction of Plaintiff Dimitrios Grammenos for Impeachment ("Motion in Limine") (Doc. No.

64) and plaintiff's response thereto (Doc. No. 80) it is hereby

**ORDERED**

that the Motion in Limine is **DENIED**.

In the Motion in Limine, Allstate seeks the admission of evidence of plaintiff's

1999 guilty plea to insurance fraud pursuant to 18 Pa. Cons. Stat. Ann. § 4117, as impeachment

evidence at the trial of the above captioned case.  See Motion in Limine ¶¶ 16, 17.  Allstate

acknowledges that this issue is governed by Fed. R. Evid. 609(b) since the date of conviction for

this crime is more than ten years prior to the trial date.  Id. at ¶¶ 7, 14. See United States v.

Patterson, 302 Fed. Appx. 79, 81 (3d Cir. 2008) (Fed. R. Evid. 609(b) conditions admission of

convictions more than ten years old to impeach witnesses) (not precedential); United States v.

Bibbs, 152 Fed. Appx. 247, 251 (3d Cir. 2005) (same) (not precedential).

Fed. R. Evid. 609 governs impeachment of witnesses by evidence of a conviction of a crime.  Fed. R. Evid. 609(b) provides in pertinent part as follows:

> **(b) Time Limit.**  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

In order for convictions more than ten years old to be admitted under Fed. R. Evid. 609(b), the court must balance the factors at issue and find that the probative value of the evidence substantially outweighs its prejudicial effect and this determination must be supported by "specific facts and circumstances."  Fed. R. Evid. 609(b). Generally, courts have held that Fed. R. Evid. 609(b) "made it crystalline that the District Court was only to depart from the prohibition against the use for impeachment purposes of convictions more than ten years old 'very rarely and only in exceptional circumstances.'"  United States v. Cavender, 578 F.2d 528, 530 (4th Cir. 1978) (citing legislative history).  See also United States v. Shapiro, 565 F.2d 479, 481 (7th Cir. 1977) (same); United States v. Brown, 2009 WL 728448, at *4 (S.D. N.Y. Mar. 10, 2009) (same); United States v. D'Agata, 646 F. Supp. 390, 392 (E.D. Pa. 1986) (same), aff'd, 826 F.2d 1057 (3d Cir. 1987) (Table).

While plaintiff's credibility will most likely be a key issue in this case, this court finds that after balancing all the considerations, the probative value of the 1999 conviction does not substantially outweigh its prejudicial effect.  Despite Allstate's argument to the contrary, it is immaterial that the conviction at issue here is "only" ten years and three months old.  See Motion in Limine ¶ 14.  As the Fourth Circuit Court of Appeals observed, Fed. R. Evid. 609(b)

provides for no distinctions between convictions of more recent 'vintage' and older ones.  Such distinctions would vitiate the very purpose of the Rule, which is to settle the question of how old a conviction must be for its admission presumptively to prejudice a defendant.  Any conviction of at least ten years old presumptively prejudices a defendant under the Rule.

United States v. Beahm, 664 F.2d 414, 418 (4th Cir. 1981).  See also United States v. Millhouse, 2007 WL 1366974, at *4 (E.D. Pa. May 7, 2007) ("[T]he remoteness of a conviction detracts from its probative value.").

Moreover, plaintiff's prior conviction was for insurance fraud in violation of 18 Pa. Cons. Stat. Ann. § 4117.  At issue in this civil action are statements and actions by plaintiff to Allstate concerning an insurance claim.  In addition, Allstate has asserted a counterclaim against plaintiff alleging that he committed insurance fraud in violation of the same insurance fraud statute, 18 Pa. Cons. Stat. Ann. § 4117.  Where, as here, the prior conviction and the alleged acts are of a similar nature, the danger of unfair prejudice increases.  Shapiro, 565 F.2d at 481.  In such a situation, a "jury is more likely to misuse the evidence for purposes other than impeachment, that is, to regard the prior convictions as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary."  Id.  See also Beahm, 664 F.2d at 418-19 ("Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. . . .  The generally accepted view . . . is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.") (footnote omitted); United States v. Brown, 2009 WL 728448, at *5 ("The danger of unfair prejudice is particularly present where, as here, the prior conviction . . . involves precisely the same activity as the [present offense].") (quotation omitted).

3

Accordingly, in view of the similarity between the crime for which plaintiff was convicted and issues raised in the instant civil action, the age of the conviction, and the general purpose of Fed. R. Evid. 609(b), the probative value of such evidence does not substantially outweigh its prejudicial effect.  For all the reasons stated herein, the Motion in Limine is denied, and Allstate may not use plaintiff's conviction for insurance fraud for impeachment purposes.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge

4