IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMITRIOS GRAMMENOS | : | CIVIL ACTION |
| v. | : | |
| ALLSTATE INSURANCE CO., et al. | : | NO.  07-2725 |

### MEMORANDUM ORDER

AND NOW, this 30th day of April, 2009, upon consideration of defendant Allstate Insurance Company's ("Allstate") Motion in Limine Regarding Admissibility of Employee Participation in a Profit Sharing Program ("Motion in Limine") (Doc. No. 63) and third party defendant Aclaim Adjustment Agency, Inc.'s ("Aclaim") amended response thereto ("Response") (Doc. No. 85), it is hereby

### ORDERED

that the Motion to Limine is **GRANTED**.

Allstate argues that plaintiff and/or Aclaim will attempt to present evidence at the trial of the above captioned case regarding Allstate employees' participation in a profit sharing program[1] (the "401(k) Plan"). (Motion in Limine ¶¶ 1, 2.) In its Response, Aclaim acknowledges that it will seek to introduce such evidence for the following reasons:

> It is admitted that the evidence will be introduced to show that Defendant's employees have direct motivation to deny claims. However, it is denied that this

---

[1] Allstate explains that it has a 401(k) savings plan.  Under this plan,

> [e]ligible employees who wish to participate can contribute a percentage of their annual income.  On pre-tax deposits up to five percent of pay, a fixed Company Contribution is made, along with one that varies based on the Company's performance.  All Company Contributions are made in the form of Allstate stock.

(Motion in Limine at 1 n.1.)

> is the only reason. The evidence shows that Defendant's employees get a direct or indirect benefit in the profitability of the company. As such, Defendant's employees get a direct or indirect benefit from both denying and under evaluating and under paying claims. This also gives the employees an incentive to harass public adjusters and public adjusting companies. This is completely consistent with the affirmative defense raised by [Aclaim].

(Response ¶ 2.) The "affirmative defense" which Aclaim cites to is that which alleges that "Allstate's claims against Aclaim are raised for purposes other than those stated, and are raised arbitrarily and/or in bad faith." (Affirmative Defense No. 2 (Doc. No. 24).)

The court has found no authority under Pennsylvania law to support Aclaim's argument that it may assert a "bad faith" affirmative defense or claim against Allstate as part of its defense to Allstate's fraud claims. Under Pennsylvania law, Aclaim has no standing to bring a claim of bad faith against Allstate since Aclaim is not an "insured" under the Allstate policy. See 42 Pa. Cons. Stat. Ann. § 8371 (court may award damages against an insured if it "finds that the insurer has acted in bad faith toward the insured") (emphasis added); Klinger v. State Farm Mut. Auto. Ins., Co., 895 F. Supp. 709, 715 (M.D. Pa. 1995) (Insurer's duty of good faith "runs to one covered under the insurer's policy of insurance.").

It is true that under 42 Pa. Cons. Stat. Ann. § 2503(9), a trial court may award counsel fees to a litigant when, inter alia, that litigant's opponent initiated the action arbitrarily, vexatiously or in bad faith. However, a claim under this statute cannot be pled as an affirmative defense or a counterclaim, "but must be sought by petition following the conclusion of the underlying action." Kraus Ind., Inc. v. Moore, 2007 WL 2744194, at *10 (W.D. Pa. Sept. 18, 2007) (citation omitted). Thus, at this stage, this court cannot consider Aclaim's "bad faith" claim as one under Section 2503(9). See also Krisa v. Equitable Life Assur. Soc., 113 F. Supp.

2d 694, 708 (M.D. Pa. 2000) (affirmative defense asserting Dragonetti Act [42 Pa. Cons. Stat. Ann. § 8351] violation stricken because Act requires termination of the underlying proceedings in the plaintiff's favor).

In Modern Creative Servs., Inc. v. Dell, Inc., 2008 WL 305747 (D.N.J. Jan. 28, 2008), the defendant asserted an affirmative defense, alleging that certain allegations in the Complaint were "completely without basis in fact" and were made "in bad faith." Plaintiff moved to strike this affirmative defense, arguing that such allegations of bad faith do not constitute an affirmative defense under Fed. R. Civ. P. 8(c). The court granted the motion, and struck the affirmative defense of bad faith. The court noted that an affirmative defense constitutes a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." Id. at *2 (quoting Black's Law Dictionary 451 (8th ed. 2004)). The court found that the bad faith affirmative defense asserted in Dell did not accept as true the allegations as set forth in the Complaint, but rather asserted that the allegations in the Complaint "are anything **but** true." Id. (emphasis in original). As in the Dell case, the bad faith affirmative defense asserted by Aclaim is improper under Fed. R. Civ. P. 8(c). Hence, this court cannot admit evidence of Allstate's 401(k) Plan to support an improperly pled affirmative defense.

Because there is no "bad faith" defense to insurance fraud available to Aclaim under Pennsylvania law, evidence of Allstate's 401(k) Plan cannot be admitted on the grounds that it is relevant to the asserted "bad faith" affirmative defense. To the extent Aclaim seeks to introduce this evidence to show Allstate's motivation in filing its fraud complaint against Aclaim, such evidence is irrelevant. See U.S. ex. rel. Singh v. Bradford Regional Med. Ctr., 249

F.R.D. 220, 224 (W.D. Pa. 2008) (Plaintiff's motivation in filing suit against defendants was not relevant).  See also In re: Fine Paper Antitrust Litigation, 751 F.2d 562, 587 (3d Cir. 1984) (motivation of objectors to applications for attorney fee petitions was irrelevant to central issue of reasonableness of fee request).  To the extent this evidence may have any probative value, it is outweighed by the potential to confuse the issues and mislead the jury.  See Fed. R. Evid. 403.

Allstate's Motion in Limine must be granted.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge