IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMITRIOS GRAMMENOS | : | CIVIL ACTION |
| v. | : | |
| ALLSTATE INSURANCE COMPANY | : | NO. 07-2725 |

**MEMORANDUM ORDER**

AND NOW, this 7th day of August, 2009, upon consideration of defendant Allstate Insurance Company's Motion for Damages for Insurance Fraud against Plaintiff Dimitrios Grammenos pursuant to Pennsylvania Insurance Fraud Statute 18 Pa. C.S.A. § 4117 (Doc. No. 109) (the "Motion"), plaintiff's response thereto (Doc. No. 110), the Supplemental Affidavit of Holly Kelly in Support of Allstate Insurance Company's Motion for Damages (Doc. No. 111), the confidential billing invoices of Curtin & Heefner LLP (Doc. No. 113) which were filed under seal with the court, and plaintiff's Supplemental Response to Defendant Allstate Insurance Company's Motion for Damages (Doc. No. 115), it is hereby

**ORDERED**

that defendant Allstate Insurance Company's Motion for Damages is **GRANTED IN PART** and **DENIED IN PART**.  As set forth more fully infra, Plaintiff shall pay defendant, Allstate Insurance Company, $104,534.95 as compensatory damages in accordance with the provisions of 18 Pa. Cons. Stat. An.. § 4117(g); however, Allstate's request for treble damages is denied.

1. **Compensatory Damages**

On May 7, 2009, the jury found that plaintiff committed insurance fraud in violation of the provisions of 18 Pa. Cons. Stat. Ann. § 4117 (hereinafter the "Pennsylvania Insurance Fraud Statute").  The Pennsylvania Insurance Fraud Statute permits an insurer to

recover compensatory damages, including reasonable investigation expenses, costs of suit, and attorney fees.  18 Pa. Cons. Stat. Ann. § 4117(g).  Allstate has the burden of demonstrating that its request for attorney's fees is reasonable.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  To do so, Allstate must submit evidence supporting the hours worked and rates claimed.  Id.[1]

To calculate an attorney's fee award, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate.  Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 314-15 (3d Cir. 2006), cert. denied, 127 S. Ct. 2985 (2007).  The result of this computation is the lodestar.  Hahnemann Univer. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir. 2008); Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).  The lodestar is strongly presumed to yield a reasonable fee.  Washington, 89 F.3d at 1035 (citing City of Burlington v. Dague, 505 U.S. 557 (1992)).  However, the court has the discretion to make certain adjustments to the lodestar.  Rode, 892 F.2d at 1183.  As the Third Circuit has explained, "[w]hile it is true that . . . the district court cannot decrease a fee award based on factors not raised at all by the adverse party, nonetheless, the burden remains on the party requesting the fee to prove its reasonableness, and the court has a positive and affirmative function in the fee fixing process, not merely a passive role."  Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 713 (3d Cir.2005) (internal quotations and citations omitted).

---

[1] The party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.  Rode, 892 F.2 at 1183 (citing Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d Cir.1989)).  The court cannot "decrease a fee award based on factors not raised at all by the adverse party."  Id.  Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections.  Id.

The first step in calculating the lodestar is determining whether the number of hours expended was reasonable. Any hours that were not "reasonably expended" must be excluded from the fee calculation. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." Rode, 892 F.2d at 1183. Moreover, "[a] fee petition is required to be specific enough to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.'" Id. at 1190 (quoting Pawlak v. Greenawalt, 713 F.2d 972, 978 (3d Cir.1983)).

With respect to determining a reasonable hourly rate, the general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the community. Washington, 89 F.3d at 1035 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)). The prevailing party bears the burden of establishing by way of satisfactory evidence, in addition to the attorney's own affidavits, that the requested hourly rates meet this standard. Id. (internal citations and quotations omitted).

The court finds that the hours expended by Allstate's defense counsel were reasonable. In support of its Motion, Allstate submitted the billing records of its outside counsel, Curtin & Heefner, LLP for which it seeks reimbursement (Doc. No. 113). In opposition to Allstate's fee request, plaintiff merely contends that Allstate's "billing invoices include charges that are excessive, redundant, and otherwise unnecessary," without further analysis. See Plaintiff's Supplemental Response to Defendant Allstate Insurance Company's Motion for Damages (Doc. No. 115) at 5. After careful review of the billing records, the court finds that such records were sufficiently specific and the court determines that the hours claimed were reasonable for the work performed. The court also finds that the hourly rates charged by defense

counsel were reasonable given the quality of representation demonstrated by Allstate's lead trial lawyer Bonnie S. Stein, Esquire and her associates. Ms. Stein has been a practicing attorney since 1987 and charged a reasonable hourly rate of $170 for this litigation. See Motion at Ex. E. See also Motion at Ex. F, Affidavit of Frank S. Guarrieri, Esquire. In addition, the court finds the hourly rates for the other members of Ms. Stein's trial team to be reasonable. The court notes that the rates charged by Allstate's defense counsel are below the prevailing market rates in the community for attorneys of similar year's experience. See the Philadelphia Community Legal Services Schedule of Hourly Rates (found at http://www.clsphila.org/Content.aspx?id=206). See also Maldonado v. Houston, 256 F.3d 181, 187-88 (3d Cir. 2001) (approving Community Legal Services fee schedule as reasonable in fixing hourly rates in civil rights action).

        Allstate also provided the court with documentation supporting its request for reimbursement for both pre-suit and post-suit investigation costs. See Mot. at Exs. B, B-1, D. The court finds that such investigation costs were reasonably incurred in the present litigation. In addition, the court credits the affidavits of Holly Kelly, Allstate's claim representative, which represent that the expenses and fees submitted to the court for reimbursement were incurred and paid by Allstate in connection with the case at bar. See Mot. at Ex. B and Supplemental Affidavit of Holly Kelly in Support of Allstate Insurance Company's Motion for Damages (Doc. No. 111).

        Allstate has supported its motion for compensatory damages with appropriate proof. Accordingly, with respect to Allstate's request for compensatory damages including

reasonable investigation expenses, costs of suit and attorney fees, plaintiff shall pay Allstate, as follows:

| | |
|---|---:|
| Pre-suit investigation costs | $ 4,154.80 |
| Post-suit investigation costs | 12,126.57 |
| Pre-suit attorney fees and costs | 4,493.00 |
| Post-suit attorney fees and costs | <u>83,760.58</u> |
| **TOTAL** | **$ 104,534.95** |

**2.     Treble Damages**

With respect to Allstate's request for treble damages pursuant to 18 Pa. Cons. Stat. Ann. § 4117(g), the court declines to find a pattern of civil insurance fraud under the facts presented in this case. The court finds that Allstate has not met its burden of proving that plaintiff has engaged in a pattern of violating the Pennsylvania Insurance Fraud Statute. Allstate presented to the court evidence of one other incident which occurred in August 1993 that, after a negotiated plea agreement, resulted in a conviction for civil insurance fraud in February 1999. See Mot. at Ex. A. Given the lack of details regarding plaintiff's conduct in this prior incident and the time lapse between that incident and the actions that were the subject the of the case at bar, the court cannot find a pattern of civil insurance fraud. The facts the of the instant case are in stark contrast to those of Allstate Ins. Co. v. Am. Rehab and Physical Therapy, Inc., 330 F. Supp. 2d 506, 508-09 (E.D. Pa. 2004), where the court found that the plaintiffs proved by clear and convincing evidence that the defendants engaged in a pattern of insurance fraud for seven years by systematic misrepresentation of services to obtain higher reimbursement amounts and

billing for medically unnecessary testing.  Accordingly, Allstate's request for treble damages is denied.

BY THE COURT:

\_\_\_/s/ TJR_____
THOMAS J. RUETER
Chief United States Magistrate Judge
